### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

TROY NEWMAN MILES,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 12-CV-350-FHM

### **OPINION AND ORDER**

Plaintiff, Troy Newman Miles, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

### **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's August 26, 2009, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held October 28, 2010. By decision dated December 22, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 28, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 41 years old on the alleged date of onset of disability and 44 on the date of the ALJ's denial decision. He has a high school graduate education and formerly worked as cleaner. He claims to have been unable to work since January 15, 2008 as a result of positive HIV, back pain, depression, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to lift and/or carry 20 pounds occasionally or 10 pounds frequently, he can stand and/or walk for 6 hours or sit for 6 hours. He can have superficial interaction with supervisors coworkers or the public. He is limited to simple and some complex tasks with routine supervision. [R. 19]. The ALJ determined that with these limitations Plaintiff is capable of returning to his former work as a cleaner. In addition, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an

alternate step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ improperly analyzed the medical source statement by his treating physician, Dr. McElwain.

## Analysis

Dr. McElwain completed a Mental Medical Source Statement form dated October 26, 2010 in which Dr. McElwain indicated Plaintiff had marked limitations in the ability to perform a number of work-related mental activities. [R. 553-556]. The ALJ stated that she gave "little weight" to Dr. McElwain's findings because they were "completely unsupported by any empirical evidence" and Dr. McElwain did not provide any supportive rationale for his findings. [R. 22]. The ALJ noted that the record contains no evidence, even from Plaintiff's conversations with care providers, that Plaintiff is restricted to the degree depicted by Dr. McElwain. *Id*. She also noted that Dr. McElwain's name does not appear on any medical documents in the record except for the Mental Medical Source Statement form. *Id*.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The court finds that the ALJ gave specific legitimate reasons for not giving Dr. McElwain's opinion controlling weight and stated she gave his opinion "little weight." [R. 22]. Further, the reasons given by the ALJ are supported by the record.

The court finds no error in the ALJ's reliance on the opinions expressed by the state Disability Determination Service (DDS) reviewing experts who reviewed the medical evidence and determined that Plaintiff is able to think, remember, and carry out simple and probably some complex instructions with routine supervision, is able to adapt to changes in the work environment and is able to relate superficially to supervisors, coworkers, and the public. [R. 380, 384]. The Commissioner's regulations instruct that the DDS medical and psychological consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i). The reports completed by the DDS experts reveal that the records from Tulsa Center for Behavioral Health were considered. [R. 380].

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 3rd day of July, 2013.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4